IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TOM G. BALLAS and | ) | |
| RON C. PERKINS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-1094-D |
| | ) | |
| CHICKASAW NATION INDUSTRIES, | ) | |
| INC.; CNI AVIATION, LLC; | ) | |
| ENTERPRISE ENGINEERING SERVICES, | ) | |
| LLC, and ANTHONY FOXX, | ) | |
| SECRETARY, U.S. DEPARTMENT OF | ) | |
| TRANSPORTATION, | ) | |
| | ) | |
| Defendants. | ) | |

# **O R D E R**

This matter is before the Court on the Motion to Dismiss of Defendant Anthony Foxx, Secretary of the United States Department of Transportation [Doc. No. 37]. Plaintiffs have responded [Doc. No. 42] and Defendant Foxx has replied [Doc. No. 43]. Thus the Motion is fully briefed and ready for decision.

In this action, Plaintiffs bring claims under the Age Discrimination in Employment Act (ADEA), alleging their wrongful termination as part of a reduction in force. Plaintiffs allege Defendants Chickasaw Nation Industries, Inc. (CNI), CNI Aviation, LLC (CNI Aviation), Enterprise Engineering Services, LLC (Enterprise) and the Department of Transportation (DOT) were joint employers of Plaintiffs while they were providing services to the Federal Aviation Administration (FAA) at the Mike Monroney Aeronautical Center (MAC) in Oklahoma City, Oklahoma. *See* First Amended Complaint, ¶ 8.

Defendant Foxx challenges the sufficiency of the allegations of the First Amended Complaint regarding the DOT's alleged status as Plaintiffs' joint employer.[1] Defendant Foxx further challenges the sufficiency of the allegations of the First Amended Complaint to state a claim under the ADEA. Defendant Foxx contends Plaintiffs have alleged no facts demonstrating that age was the "but for" motivation for their respective terminations.

**Standard of Review**

A pleading is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.")).

The Tenth Circuit has held that under *Iqbal* and *Twombly* "[a] plaintiff must 'nudge [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir.2012) (alteration in original) (*quoting Twombly*, 550 U.S. at 570). Moreover, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions.'" *Id*. (alteration in original) (*quoting Iqbal*, 556 U.S. at 678). "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a

---

[1]Initially, Defendant Foxx also moved for dismissal of claims brought by Plaintiff Ballas pursuant to Fed. R. Civ. P. 12(b)(1) on grounds that Ballas had failed to exhaust administrative remedies. However, in his Reply, Defendant Foxx states that he withdraws that basis of the motion and proceeds only under Fed. R. Civ. P. 12(b)(6). The Court, therefore, confines its review to Defendant Foxx's grounds for dismissal raised pursuant to Fed. R. Civ. P. 12(b)(6).

plaintiff must offer specific factual allegations to support each claim." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir.2011) (*quoting Twombly*, 550 U.S. at 555). The complaint must set forth sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. This contextual approach means comparing the pleading with the elements of the cause(s) of action. *Khalik*, 671 F.3d at 1193. "[W]hile Plaintiff is not required to set forth a prima facie case for each element, she is required to set forth plausible claims" animating the elements of her causes of action. *Id*. Pleadings that do not allow for at least a "reasonable inference" of the legally relevant facts are insufficient. *Iqbal*, 556 U.S. at 678.

## Discussion

**I.     Joint Employer Status**

Plaintiffs do not allege they are directly employed by the DOT as federal employees.[2] Instead, Plaintiffs allege the DOT is liable as a joint employer. *See* First Amended Complaint [Doc.

---

[2]Pursuant to 29 U.S.C. § 633a, the "federal-sector provision of the ADEA," a limited waiver of the government's sovereign immunity permits age discrimination claims to be brought against it by persons employed by the federal government. *See Gomez-Perez v. Potter*, 553 U.S. 474, 479 (2008); *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981).

3

No. 28], ¶ 8 ("CNI, CNIAV, EES and the DOT operated as joint employers of Ballas and Perkins while they were providing services to the FAA . . . .").[3]

The "joint employer test" applies where an employee of one entity seeks to hold another entity liable as an employer. *Bristol v. Board of County Comm'rs. of County of Clear Creek*, 312 F.3d 1213, 1218 (10th Cir. 2002). Under this test, "two entities are considered joint employers if they 'share or co-determine those matters governing the essential terms and conditions of employment.'" *Knitter v. Corvias Military Living, LLC*, 758 F.3d 1214, 1226 (10th Cir. 2014) (*quoting Bristol*, 312 F.3d at 1218). Both entities are considered to be employers if they exercise significant control over the same employees. *Id*.

The right to terminate is considered the most significant factor in determining whether significant control exists. *Id*. Other factors to consider include the ability to: (1) promulgate work rules and assignments; (2) set conditions of employment, including compensation, benefits and hours; (3) supervise and discipline employees on a day-to-day basis; and (4) control employee records including payroll, insurance and taxes. *Id*. (citation omitted).[4]

---

[3]The Court notes that Plaintiff's joint employer allegation against the DOT is inconsistent with the allegations contained in paragraphs 2 and 3 of the First Amended Complaint. In paragraph 2, Plaintiff Ballas states he was "jointly employed *by* Defendants Chickasaw Nation Industries, Inc., and CNI Aviation, LLC, *to work for* the Federal Aviation Administration . . . ." (emphasis added). And in paragraph 3, Plaintiff Perkins similarly states he was "jointly employed *by* Defendants Chickasaw Nation Industries, Inc.; CNI Aviation, LLC; and Enterprise Engineering Services, LLC, *to work for* the Federal Aviation Administration . . . ." (emphasis added).

[4]*Bristol* involved claims brought pursuant to the Americans with Disabilities Act and *Knitter* involved claims brought pursuant to Title VII. However, because the definition of employer is virtually the same under Title VII, the ADA and the ADEA, the joint employer test is equally applicable to Plaintiffs' ADEA claims. *See* 42 U.S.C. § 2000e(b); *id*., § 12111(5)(A); 29 U.S.C. § 630(b). *See also Butler v. City of Prairie Village, Kan.*, 172 F.3d 736, 744 (10th Cir.1999) (finding no discernible difference in the definition of "employer" under Title VII, the ADA, or the
(continued...)

Plaintiffs' allegation that the DOT is a joint employer is a bare legal conclusion and is not sufficient under *Iqbal and Twombly* to state an ADEA claim based on the DOT's alleged joint employer status. The Court, therefore, must determine whether Plaintiffs have made additional allegations to support a plausible claim under the ADEA based on the DOT's status as a joint employer.

Plaintiffs allege:

- Ballas was "often directly supervised by the DOT/FAA" and "[a]ll his engineering modification and documentation projects were assigned to him by the DOT/FAA." First Amended Complaint, ¶ 18.

- Both Plaintiffs allege they were "supervised jointly by managers for the DOT/FAA and managers for the contractors CNI, CNIAV, and EES." Plaintiffs further allege that "[m]ost of the time" they received directions, instructions, task assignments and supervision "directly by FAA employees." First Amended Complaint, ¶ 21.

- Plaintiffs further allege that Mark Michaud, a DOT/FAA Supervisor/Manager, "was responsible, in part, for the selection of contractor personnel that were terminated" and that "[o]ther managerial personnel for . . . the DOT/FAA were involved in selecting older employees to be terminated during the reduction in force." First Amended Complaint, ¶ 22.

- Plaintiffs allege that "[d]uring two 'all hand meetings,'" Mr. Michaud "made negative statements concerning older employees." First Amended Complaint, ¶ 30.

---

[4](...continued)
ADEA).

- Finally, Plaintiffs allege that Ray Meier, Contract Technical Manager, assured a younger employee he did not have to be concerned about the reduction in force due to his age. First Amended Complaint, ¶ 30.

The Court recognizes that the right to terminate is the most significant factor in determining an entity's status as a joint employer. Plaintiffs do not expressly allege that the DOT/FAA had the right to terminate. But Plaintiffs do allege the DOT/FAA selected the employees to be terminated. In addition, Plaintiff's allege the DOT/FAA determined work assignments and provided significant supervision over their work. The Court finds that, although these allegations are minimal, construed in the light most favorable to Plaintiffs, they are sufficient and dismissal on grounds that the DOT is not a joint employer should be denied.

## II. ADEA Claim

Secretary Foxx further moves for dismissal on grounds Plaintiff's First Amended Complaint fails to state a plausible claim under the ADEA. The Secretary contends that Plaintiffs have not alleged facts demonstrating that "age was the but-for motivation for the Secretary's alleged 'responsibility' in the selection of those terminated." *See* Defendant Foxx's Motion at p. 6.

The ADEA prohibits employers from discriminating on the basis of age. 29 U.S.C. §§ 623, 633a. To state a prima facie claim for age discrimination, Plaintiffs must allege that they: (1) are over 40 years of age and, therefore, members of the ADEA's protected class; (2) suffered an adverse employment action; (3) were qualified for the positions at issue; and (4) were treated less favorably than others not in the protected class. *Jones v. Oklahoma City Pub. Sch.*, 617 F.3d 1273, 1279 (10th Cir. 2010). In addition, Plaintiffs must show that "age was 'the but-for' cause of the employer's adverse action." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009). Although a plaintiff need

not establish a prima facie case of discrimination to survive a motion to dismiss, "the elements of each alleged cause of action help to determine whether [p]laintiff has set forth a plausible claim." *Khalik*, 671 F.3d at 1192.

It appears the allegations of the First Amended Complaint plead sufficient facts to establish a plausible ADEA claim. Plaintiffs allege they are over forty years of age, and therefore, members of ADEA's protected class. *See* First Amended Complaint, ¶¶ 17, 19, 28. Plaintiffs further allege that they suffered an adverse employment action as they were terminated due to a reduction in force, and have suffered loss of employment and other damages as a result thereof. *See id.*, ¶¶ 17, 19, 25, 31. Plaintiffs allege that the three employees terminated due to the reduction in force were "the three oldest contract employees. . . ." *Id.*, ¶ 29. Plaintiffs further allege that a "young, newly-hired contract engineer" was told he had "nothing to worry about concerning being terminated in a reduction in force because he was a younger employee." *Id.*, ¶ 30. Plaintiffs allege they were "well qualified to perform their assigned job duties based upon their education and prior work performance at the MMAC." *Id.* at ¶ 23. As for the "but for" factor, Plaintiffs allege that much younger employees with less seniority but who were performing the same job duties were not terminated as a result of the reduction in force and that Plaintiffs were terminated because of their age. *Id.*, ¶ 24. Although Plaintiffs' allegations are somewhat conclusory, taken as true and in the light most favorable to Plaintiffs, the facts alleged are sufficient to state a plausible ADEA claim.

## III. Conclusion

Under the governing standard, treating the allegations of the First Amended Complaint as true and construing those allegations in the light most favorable to Plaintiffs, the facts state a

plausible claim that the DOT is a joint employer of Plaintiffs.  The facts further state a plausible claim that Plaintiffs have been discriminated against on the basis of age under the ADEA.

IT IS THEREFORE ORDERED that the Motion to Dismiss of Defendant Anthony Foxx, Secretary of the United States Department of Transportation [Doc. No. 37], is DENIED.

IT IS SO ORDERED this 2nd day of October, 2014.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE