**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| TOM G. BALLAS and | ) | |
| RON C. PERKINS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-13-1094-D |
| | ) | |
| CHICKASAW NATION | ) | |
| INDUSTRIES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Plaintiffs Tom Ballas (Ballas) and Ron Perkins (Perkins) bring claims under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq*., alleging they were wrongfully terminated because of their age as part of a reduction in force (RIF). Before the Court are Defendants' Motions for Summary Judgment [Doc. Nos. 70, 71], to which Plaintiffs have responded [Doc. Nos. 86, 90]. The matter is fully briefed and at issue.

## BACKGROUND

CNI Aviation, LLC is a subsidiary of Chickasaw Nation Industries, Inc. In 2013, it contracted with the Federal Aviation Administration to support activities at the Mike Monroney Aeronautical Center located in Oklahoma City, Oklahoma. CNI Aviation subcontracted with Enterprise Engineering Services, whereby Enterprise

would provide additional employees to assist the FAA. Ballas was hired by CNI Aviation to the position of "Electrical Engineer Level 6." Perkins was hired by Enterprise to the position of "Engineering Technician Level 6." Plaintiffs worked in the Power Services Branch where they reported to Ray Meier, the branch's Technical Manager. During the period of time Ballas and Perkins were supervised by Meier, they did not see or hear Meier do anything that suggested he discriminated against older people.

Based in part on Meier's conversations with Mark Michaud, the FAA Branch Manager who oversaw the Power Services Branch, and other FAA personnel, a RIF was implemented, in which Ballas and Perkins were considered for non-retention. Meier compared Plaintiffs' qualifications to that of other workers and determined that Plaintiffs would be selected for non-retention. Two employees who were retained and were Engineering Technicians Level 6 were older than Perkins at the time of the RIF. As part of the RIF, Meier also had to disband one of the four-person "traveling teams" that almost exclusively performed work at FAA sites outside of Oklahoma City. Meier chose two employees from one of the teams to be terminated; both employees were younger than Plaintiffs. At the time of their respective terminations, Ballas was 71 years old and Perkins was 67.

Ballas alleges Michaud was biased against older people and he was chosen for termination because of his age. In support of this contention, Ballas makes the following allegations:

- In the earlier part of Ballas' service as Technical Manager, Michaud once asked how a 53 year old potential hire would fit in;

- Michaud allegedly made comments twice during meetings that Ballas felt were "negative" about age, although Ballas cannot remember what Michaud said either time;

- When Ballas was a Technical Manager, Michaud gave Ballas a list of employees to consider hiring at entry level positions who were younger;

- Once at a meeting, Michaud said older employees were making too much money and, while singling out Ballas, stated Ballas would have to take a pay cut if he wanted to continue working;

- Upon hearing that Dale Reynolds, the Contract Manager, was not "on top of things," Michaud replied, "Well what do you expect? He's 80 years old?";

- Michaud sent an email entitled "HRM Generational Challenges," which Ballas felt portrayed older people in a negative light;

- Michaud remarked that Ballas and another employee "worked long enough ... they have retirements, they probably have social security";

- All younger engineers were less qualified and less experienced than Ballas, and Ballas knew more about the Power Services Branch than anyone else;

- Ballas was the oldest contractor Engineer working in the office;

- Ballas was qualified to perform the job of Electrical Engineer Level 6;

- Ballas performed his work satisfactorily; and

- Ballas was not given an explanation as to why or how he had been selected for non-retention.

In addition to the foregoing, Perkins believes he was fired because of his age based on the following allegations:

- At the time of his release, Perkins was 67 years old;

- Perkins had been employed as an Engineering Technician for seventeen years and was qualified to perform all job duties set forth in the job description for Engineering Technician Level 6;

- Perkins satisfactorily performed his job;

- Perkins was the only Engineering Technician Level 6 terminated from employment due to the reduction in force, while nine younger individuals in the same position were retained;

- Defendants gave inconsistent reasons as to why Perkins was selected for non-retention;

- Meier did not evaluate job performance or have any documents indicating how other retained employees had superior performance to that of Perkins; and

- Those selected for non-retention were older individuals with the highest salaries.

Chickasaw Nation Industries, CNI Aviation and Enterprise (the Corporate Defendants) and the Secretary of the U.S. Department of Transportation have filed

separate motions for summary judgment. Liability under the ADEA is limited to "employers." *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 511 (4th Cir.1994) ("[T]he ADEA limits civil liability to the employer."). In this regard, Plaintiffs allege the Department of Transportation may be considered a "joint employer" for purposes of the ADEA.

The "joint employer test" applies where an employee of one entity seeks to hold another entity liable as an employer. *Bristol v. Board of County Comm'rs of County of Clear Creek*, 312 F.3d 1213, 1218 (10th Cir. 2002). Under this test, "two entities are considered joint employers if they 'share or co-determine those matters governing the essential terms and conditions of employment.'" *Knitter v. Corvias Military Living, LLC*, 758 F.3d 1214, 1226 (10th Cir. 2014) (quoting *Bristol*, 312 F.3d at 1218). Both entities are considered to be employers if they exercise significant control over the same employees. *Id*. The Corporate Defendants' motion centers on the issue of age discrimination, whereas the Secretary of Transportation's brief focuses on whether it may be considered Plaintiffs' joint employer. Since the dispositive issue in this case is whether Plaintiffs have presented sufficient evidencing supporting their claim of age discrimination, the Court addresses the Corporate Defendants' motion [Doc. No. 70] first.

## STANDARD OF DECISION

"Summary judgment is proper if, viewing the evidence in the light most favorable to the non-moving party, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Bonidy v. U.S. Postal Service*, 790 F.3d 1121, 1124 (10th Cir. 2015) (citation omitted). In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003). A movant may establish that a fact cannot be genuinely disputed by citing to particular parts of depositions, documents, electronically stored information, affidavits, declarations, stipulations, discovery responses, or other materials. Fed. R. Civ. P. 56(c)(1)(A).

Once the moving party has met its burden, the burden shifts to the nonmoving party to present sufficient evidence in specific, factual form to establish a genuine factual dispute. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). The nonmoving party may not rest upon the mere allegations or denials of its pleadings. Rather, it must go beyond the pleadings and establish, through admissible evidence, that there is a genuine issue of material fact that must be resolved by the

trier of fact. *Id*. Unsupported conclusory allegations do not create an issue of fact. *Finstuen v. Crutcher*, 496 F.3d 1139, 1144 (10th Cir. 2007).

The Court does not weigh the evidence and make findings of fact on a motion for summary judgment. The Court only determines whether there is a genuine dispute concerning a material fact. *Jones v. Barnhart*, 349 F.3d 1260, 1265 (10th Cir. 2003). An issue is "genuine" if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way. *Adler*, 144 F.3d at 670. An issue of fact is "material" if under the substantive law it is essential to the proper disposition of the claim. *Id*.

## DISCUSSION

The ADEA makes it unlawful for an employer to discharge or otherwise discriminate because of age against an individual at least forty years of age with respect to compensation, terms, conditions, or privileges of employment. *See* 29 U.S.C. §§ 623(a)(1), 631(a). The ADEA requires "but-for" causation; therefore, a plaintiff claiming age discrimination must establish by a preponderance of the evidence that his employer would not have taken the challenged employment action *but for* the plaintiff's age. *Gross v. FBL Fin. Servs., Inc*., 557 U.S. 167, 177-78 (2009); *Jones v. Okla. City Public Schools*, 617 F.3d 1273, 1278 (10th Cir. 2010).

A plaintiff may prove a violation of the ADEA either by direct evidence of discrimination, or by following the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). "Direct evidence has been defined as '[e]vidence that directly proves a fact, without an inference or presumption, and which in itself, if true, conclusively establishes that fact.'" *Bedell v. American Yearbook Co., Inc.*, 17 F. Supp. 2d 1227, 1230-31 (D. Kan. 1998) (quoting *Black's Law Dictionary* 460 (6th ed.1990)). Without proof of direct evidence of discrimination, the Court must consider the burden-shifting framework announced in *McDonnell Douglas*. *Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 998 (10th Cir. 2011); *see also Bertsch v. Overstock.com*, 684 F.3d 1023, 1028 (10th Cir. 2012) ("Rarely will a plaintiff have direct evidence of a retaliatory motive; most plaintiffs attempt an 'indirect,' burden-shifting case.").

Under this framework, to establish a prima facie case of age discrimination pursuant to a reduction in force, a plaintiff must show (1) the plaintiff is within the protected age group; (2) he was doing satisfactory work; (3) the plaintiff was discharged despite the adequacy of his work; and (4) there is some evidence the employer intended to discriminate against the plaintiff in reaching its RIF decision. *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1137 (10th Cir. 2000). "A minimal

evidentiary showing will satisfy this burden of production." *Pope v. ESA Servs., Inc.*, 406 F.3d 1001, 1007 (8th Cir. 2005). If a plaintiff can establish a prima facie case, the burden shifts to the employer to assert a legitimate nondiscriminatory reason for its actions. If it can do so, the burden shifts back to the plaintiff to introduce evidence that the stated nondiscriminatory reason is merely a pretext for discriminatory intent. *Simmons v. Sykes Enters.*, 647 F.3d 943, 947 (10th Cir. 2011). A plaintiff bears the "ultimate burden of proving [his] employer intentionally discriminated against [him]." *Riser v. QEP Energy*, 776 F.3d 1191, 1199 (10th Cir. 2015).

There is no genuine dispute over whether Plaintiffs have satisfied the first three elements of their prima facie case. As to the fourth factor, whether Plaintiffs have presented some evidence that Defendants intended to discriminate against Plaintiffs in implementing the RIF, the Court finds no evidence of direct discrimination. Much of Plaintiffs' evidence centers around actions and comments made about Ballas and other employees. In *Tabor v. Hilti, Inc.*, 703 F.3d 1206 (10th Cir. 2013), the Tenth Circuit explained when comments in the workplace constitute direct evidence of discrimination:

> Comments in the workplace that reflect personal bias do not qualify as direct evidence of discrimination unless the plaintiff shows the speaker had decisionmaking authority and acted on his or her discriminatory beliefs. ... We also have explained that discriminatory statements do not qualify as direct evidence if the context or timing of the statements is not

closely linked to the adverse decision. ... Furthermore, if the content and context of a statement allow it to be plausibly interpreted in two different ways-one discriminatory and the other benign-the statement does not qualify as direct evidence.

*Id*. at 1216 (citations omitted); *see also Hall v. U.S. Dept. of Labor, Admin. Review Bd.*, 476 F.3d 847, 855 (10th Cir. 2007) ("Statements of personal opinion, even when reflecting personal bias or prejudice, do not constitute direct evidence of discrimination, but at most, are only circumstantial evidence of discrimination because the trier of fact must infer discriminatory intent from such statements.") (citing *Shorter v. ICG Holdings, Inc*., 188 F.3d 1204, 1207 (10th Cir.1999)).

Plaintiffs do not produce any significant evidence concerning the context of the conduct in question; nevertheless, in the Court's view, when analyzing the proffered actions and comments in relation to the timing of their discharge and viewed in the light most favorable to Plaintiffs, none of the evidence can be characterized as direct evidence of discrimination. *See Tran v. Sonic Indus. Servs., Inc*., 490 F. App'x 115, 121 (10th Cir. 2012) (unpublished) ("'Without more' we have noted, 'an employee's subjective belief in a comment's invidious nature . . . does not support an inference of discriminatory intent.") (quoting *Adamson v. Multi Cmty. Diversified Servs., Inc*., 514 F.3d 1136, 1151 (10th Cir. 2008)). However inappropriate the statements at issue may have been, they are too attenuated from the RIF to constitute a basis for

Plaintiff's discharge, and, at best, constitute "stray remarks" that, in and of themselves, do not establish direct evidence of causation regarding the employment decision. *See Furr v. AT&T Techs., Inc.*, 824 F.2d 1537, 1547, 1549 (10th Cir.1987) (holding repeated statements by managers that plaintiffs were "too damned old," were too old to learn new technologies or to be in management positions, and did not have a future with the company because of age were not direct evidence of a causal relationship between discrimination and failure to promote); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1140 (10th Cir. 2000) (holding supervisor's comments that "at [employee's] age, it would be difficult to train for another position" or "difficult to find a new job" were too abstract to support an inference of age discrimination); *see also Ziegler v. Beverly Enters.-Minn., Inc.*, 133 F.3d 671, 676 n. 3 (8th Cir.1998) (holding an employer's questions about an employee's age and retirement plans insufficient to demonstrate age discrimination).

At best, Plaintiffs have made a minimal, circumstantial showing of age discrimination. With this conclusion, the Court turns its focus to the next step in the *McDonnell Douglas* analysis and examines whether Defendants have articulated a legitimate nondiscriminatory reason for the adverse employment decisions.

Defendants state the reason any employees were terminated was the result of a change in work the contractors were to perform and the amount of funding available

for the contract had diminished. Specifically, as to Ballas, Defendants state Ballas'

performance was not as good as those employees he was compared against, Ballas

had expressed a desire to travel less (willingness to travel was an important function

of the job), Ballas' experience did not make him invaluable to the branch, and Ballas'

salary was higher. As to Perkins, Defendants state Perkins was compared to other

employees, two of whom were older than him and retained, Perkins was less versatile

than the other employees, and Perkins did not make himself available for training

courses that would have improved his skills in other areas.

The Court finds these proffered reasons to be legitimate and nondiscriminatory.

Accordingly, Plaintiffs have the burden of showing such reasons are pretextual.

"Under Tenth Circuit precedent, pretext may be shown by such weaknesses,

implausibilities, inconsistencies, incoherencies, or contradictions in the employer's

proffered legitimate reasons for its action that a reasonable factfinder could rationally

find them unworthy of credence and hence infer that the employer did not act for the

asserted non-discriminatory reasons." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114,

1125 (10th Cir.2005). Thus, "[a] plaintiff can make a showing of pretext with

evidence that the defendant's stated reason for [taking an employment action] was

false." *Id*. (quotation omitted). In analyzing the issue of pretext, however, the Court

must "look at the facts as they appear to the person making the decision to [take the

employment action]." *Kendrick v. Penske Transp. Services, Inc*., 220 F.3d 1220, 1231 (10th Cir. 2000). In addition, the Tenth Circuit has recognized that "a mistaken belief can be a legitimate reason for an employment decision and is not necessarily pretextual." *Id*. (quotation omitted). As the circuit has explained, "[t]he reason for this rule is plain: [the court's] role is to prevent intentional discriminatory . . . practices, not to act as a 'super personnel department,' second guessing employers' honestly held (even if erroneous) business judgments." *Young v. Dillon Companies, Inc*., 468 F.3d 1243, 1250 (10th Cir. 2006).

Although Plaintiffs call into question the viability of Defendants' reasons and dispute their methods of evaluating them for non-retention, in order to rebut a defendant's showing of legitimate, nondiscriminatory reasons for its actions, "[i]t is not enough . . . to *disbelieve* the employer; the factfinder must *believe* the plaintiff's explanation of intentional discrimination." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 519 (1993) (emphasis added). To this end, Plaintiffs' case ultimately rests on their belief that they were qualified and should not have been selected for non-retention, in other words, the RIF should have claimed other employees – but such beliefs are simply insufficient to establish an ADEA claim. *Aramburu v. The Boeing Co.*, 112 F.3d 1398, 1408 n. 7 (10th Cir. 1997) (an employee's "subjective belief of discrimination is not sufficient to preclude summary judgment."); *Chiaramonte v.*

*Fashion Bed Grp., Inc.*, 129 F.3d 391, 401 (7th Cir.1997) ("If the subjective beliefs of plaintiffs in employment discrimination cases could, by themselves, create genuine issues of material fact, then virtually all defense motions for summary judgment in such cases would be doomed.") (internal alteration and citation omitted). Ascribing discriminatory intent to the RIF decisions here, especially in light of the comparable age of many of the other employees, strains the underlying facts. For instance, Perkins, who was 67 years old at the time of termination, asserts that nine younger employees in his job category were retained; however, seven out of nine of those younger employees were in the protected class and ranged in age from 49 to 63. Moreover, virtually all of the conduct Plaintiffs can point to in support of a pretext argument is attributed to an FAA employee (Michaud) who was not the decision-maker regarding specific termination decisions.[1]

After carefully reviewing the evidence in the record, the Court finds that, under the controlling law, a rational juror could not conclude that Plaintiffs' termination

---

[1]The only evidence of any potential substance that the decision-maker, Meier, received guidance regarding the RIF from Michaud, the person to whom most of the complained-of conduct is attributed, concerns discussions in which Michaud identified skill-based classifications of employees that could be eliminated via the RIF. There is no indication that specific, named employees were targeted for the RIF by Michaud. *See, e.g.,* Pls. Resp. in Opp. to Mot. for Summary Judgment at 26 [Doc. No. 86] and evidentiary materials cited therein.

-14-

was motivated by discriminatory intent and Defendants are entitled to summary judgment on the ADEA claim.

Based on the foregoing conclusion, the Court declines to address whether the FAA can be considered Plaintiffs' "joint employer" for ADEA purposes.

## CONCLUSION

Defendants' Motions for Summary Judgment [Doc. Nos. 70, 71] are **GRANTED** as set forth herein.[2] A judgment shall be entered accordingly.

**IT IS SO ORDERED** this 23rd day of June, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2]Because the Secretary of Transportation also asserts in his motion that Plaintiffs lack evidence of age discrimination, the Court's conclusion that the Corporate Defendants are entitled to summary judgment necessitates judgment for the Secretary on the same basis. *See* Secretary's Motion for Summary Judgment at 13-14, 27 [Doc. No. 71].